UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Tyrique Tyndal-Davis | ) | |
|  | ) | |
| Plaintiff | ) | |
| v. | ) | |
|  | ) | |
| CITY OF SPRINGFIELD | ) | |
| SPRINGFIELD POLICE DEPARTMENT | ) | Civil Action No. _____ |
| COMM. JOHN BARBIERI, | ) | |
| OFC. VICTOR ALLDER, | ) | |
| OFC. DAVID ROBILLARD, | ) | |
| OFC. JOHN RUYFFELAERT, | ) | |
| OFC. PATRICK DENAULT, | ) | COMPLAINT FOR DAMAGES |
| OFC. DANIEL BILLINGSLEY | ) | CIVIL RIGHTS VIOLATION |
|  | ) | |
| Defendants | ) | TRIAL BY JURY DEMANDED |

**COMPLAINT**

PARTIES

1. PLAINTIFF TYRIQUE TYNDAL-DAVIS is a natural person and resident of the Commonwealth of Massachusetts who, at all times alleged in this complaint, resided at, Springfield, Massachusetts.

2. DEFENDANT CITY OF SPRINGFIELD is a municipal corporation located within Hampden County the Commonwealth of Massachusetts and the United States of America with principal offices at 36 Court St, Springfield, Massachusetts.

3. DEFENDANT SPRINGFIELD POLICE DEPARTMENT is a duly Incorporated municipality with a usual place of business located at 130 Pearl Street, Springfield, Hampden County, Massachusetts.

4. DEFENDANT JOHN BARBIERI is a natural person and who, at all times alleged in this complaint, was employed by the police force of the City of Springfield as Police Commissioner

5. DEFENDANT VICTOR ALLDER is a natural person who, at all times alleged in this complaint, was employed by the police force of the City of Springfield.

6. DEFENDANT DAVID ROBILLARD is a natural person who, at all times alleged in this complaint, was employed by the police force of the City of Springfield.

7. DEFENDANT JOHN RUYFFELAERT is a natural person unidentified male who, at all times alleged in this complaint, was employed by the police force of the City of Springfield.

8. DEFENDANT PATRICK DENAULT is a natural person who, at all times alleged in this complaint, was employed by the police force of the City of Springfield.

9. DEFENDANT DANIEL BILLINGSLEY is a natural person who, at all times alleged in this complaint, was employed by the police force of the City of Springfield.

## *JURISDICTION*

10. Plaintiff's action for violation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution is brought pursuant to the provisions of 42 U.S.C. § 1983.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

## *VENUE*

12. This action is properly brought in the Western Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§ 1391(b)(1) and (2) because the events at issue in the case arose and transpired in the Western Division of the District of Massachusetts.

## *FACTS*

13. On or about October 12, 2015, PLAINTIFF TYRIQUE TYNDAL DAVIS was a passenger in a motor vehicle that was being pursued by the Springfield Police Department.

14. The vehicle that PLAINTIFF TYRIQUE TYNDAL DAVIS was a passenger in was being driven erratically and allegedly almost hit pursuing members of the Springfield Police Department.

15. At some point during the pursuit, the driver abandoned the vehicle while it was still in motion.

16. PLAINTIFF TYRIQUE TYNDAL DAVIS exited the vehicle out of fear for his safety and began to run.

17. PLAINTIFF TYRIQUE TYNDAL DAVIS ran to the bottom of a stairwell of 124 Northampton Ave., in an attempt to take shelter from the unknown situation.

18. DEFENDANT VICTOR ALLDER AND DEFENDANT JOHN ROBILLARD searched the general area and found PLAINTIFF TYRIQUE TYNDAL-DAVIS crouched at the bottom of the aforementioned stairwell.

19. During this interaction, DEFENDANT VICTOR ALLDER pulled his service issued handgun and approached PLAINTIFF TYRIQUE TYNDAL-DAVIS.

20. As DEFENDANT VICTOR ALLDER came within feet of PLAINTIFF TYRIQUE TYNDAL-DAVIS he put the handgun away and began to accost PLAINTIFF TYRIQUE TYNDAL DAVIS

21. PLAINTIFF TYRIQUE TYNDAL-DAVIS states that he complied with the PLAINTIFF VICTOR ALLDER'S request and put his hands up while sitting on the floor.

22. PLAINTIFF TYRIQUE TYNDAL DAVIS states that after complying with officer's orders   DEFENDANT VICTOR ALLDER then kicked him on the right side of his face, striking his eye and temple area.

23. PLAINTIFF TYRIQUE TYNDAL-DAVIS states DEFENDANT VICTOR ALLDER then proceeded to stomp on his face approximately six or seven times while he yelled for him to stop.

24. PLAINTIFF TYRIQUE TYNDAL-DAVIS states DEFENDANT DAVID ROBILLARD proceeded to hit him with a service issued baton (stick) in his legs.

25. DEFENDANT JOHN RUYFFELAERT states that he assisted DEFENDANT DAVID ROBILLARD in striking DEFENDANT TYRIQUE TYNDAL DAVIS in the legs allegedly in an effort to gain compliance.

26. PLAINTIFF TYRIQUE TYNDAL-DAVIS states during this assault, he was also struck in his groin area.

27. PLAINTIFF TYRRIQUE TYNDAL-DAVIS states that the officers then placed handcuffs on his wrist while lying on his stomach and continued to strike him on his face and body.

28. PLAINTIFF TYRIQUE TYNDAL DAVIS states that during the assault officers ripped his clothing and removed all contents from his pocket.

29. PLAINTIFF TYRIQUE TYNDAL-DAVIS states that he was then brought to the rear of a service cruiser and questioned by an unidentified officer.

30. PLAINTIFF TYRIQUE TYNDAL DAVIS states that while being questioned in the police cruiser, DEFENDANT VICTOR ALLDER sprayed him in the face with Oleoresin Capsicum spray.

31. PLAINTIFF TYRIQUE TYNDAL DAVIS states that he was then removed from the service cruiser and placed in DEFENDANT PATRICK DENAULT's cruiser prior to being brought to the Police Station.

32. DEFENDANT PATRICK DENAULT states that he never observed PLAINTIFF TYRIQUE TYNDAL DAVIS being sprayed with Oleoresin Capsicum spray.

33. PLAINTIFF TYRIQUE TYNDAL-DAVIS states that he was never afforded medical attention or allowed to wash his face from the effects of the pepper spray at the Police Department.

    DEFENDANT DANIEL BILLINGLSEY authored a police report that intentionally misrepresented the actions of the police and PLAINTIFF TYRIQUE TYNDAL DAVIS

34. PLAINTIFF TYRIQUE TYNDAL-DAVIS stood trial for a variety of charges, including: OP MV WITH LICENSE SUSPENDED, FAIL TO STOP FOR POLICE, RECKLESS OPERATION OF MOTOR VEHICLE, ASSAULT WITH A DEADLY WEAPON, and ASSAULT AND BATTERY ON A POLICE OFFICER.

35. During the trial the jury was able to observe and smell the Oleoresin Capsicum remnants on PLAINTIFF TYRIQUE TYNDAL DAVIS's shirt he wore the day of the incident.

36. Members of the jury acquitted PLAINTIFF TYRIQUE TYNDAL-DAVIS on all aforementioned accounts.

37. DEFENDANT SPRINGFIELD POLICE DEPARTMENT issued an internal investigations unit report on January 1, 2014, and as of today,  DEFENADANT OFFICERS VICTOR ALLDER, DAVID ROBILLARD, JOHN RUYFFELAERT, AND PATRICK DENAULT have not been disciplined nor has any action been taken concerning their actions against PLAINTIFF TYRIQUE TYNDAL DAVIS

38. At all pertinent times the DEFENDANT CITY OF SPRINGFIELD and its policy makers knew of their legal duty to train, supervise, monitor, and discipline members of the City's police force to observe the rights of persons, including their right to be free from assault, battery, discrimination, and abuse.

39. DEFENDANT JOHN BARBIERI was the Commissioner of Police for the DEFENDANT SPRINGFIELD POLICE DEPARTMENT at the time this incident occurred.

40. DEFENDANT JOHN BARBIERI was aware of substantial problems within the DEFENDANT SPRINGFIELD POLICE DEPARTMENT pertaining to officers physically assaulting citizens of Springfield, through a number of citizen complaints, and civil rights cases filed in the United States Federal Court. This is also documented though local and national media outlets and numerous lawsuits against DEFENDANT CITY OF SPRINGFIELD and its police department due to the actions of its employees

41. DEFENDANT JOHN BARBIERI failed to supervise, train, or discipline any officers related to this matter and created the environment for which this assault and cover up took place.

42. At all pertinent times DEFENDANT SPRINGFIELD POLICE DEPARTMENT'S officers knew they would incur no significant risk of discipline or dismissal from employment for participating in or covering up the assault and battery of the PLAINTIFF, because all officers were aware of the policy and practices of the DEFENDANTS CITY OF SPRINGFIELD, and JOHN BARBIERI, of conducting superficial investigations of allegations of constitutional violations by the officers and not disciplining its police officers for such violations.

43. The misconduct of the DEFENDANTS CITY OF SPRINGFIELD, JOHN BARBIERI, in failing to recruit, train, supervise and discipline its officers and their supervisors to assure that they did not violate the rights of any and all persons including the PLAINTIFF was the driving force behind the DEFENDANTS' assault and battery of the PLAINTIFF in violation of his civil rights as complained herein.

**COUNT I – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO RECRUIT, TRAIN, DISCIPLINE, and SUPERVISE**

44. PLAINTIFF repeats and re-alleges paragraphs 1-43 of this complaint.

45. The DEFENDANTS CITY OF SPRINGFIELD, COMMISIONER JOHN BARBIERI, and SPRINGFIELD POLICE DEPARTMENT prior to October 12,

    2015 and presently have shown a deliberate indifference , through their actions and lack thereof, to the rights of citizen who interact with the police. Citizens of color are especially shown indifference in this way.

46. DEFENDANTS CITY OF SPRINGFIELD, COMMISIONER JOHN BARBIERI, and SPRINGFIELD POLICE DEPARTMENT have failed to appropriately recruit and train sworn officers in a manner that would prevent officers from physically assaulting and falsely imprisoning citizens.

47. DEFENDANTS CITY OF SPRINGFIELD, COMMISIONER JOHN BARBIERI, and SPRINGFIELD POLICE DEPARTMENT have failed to appropriately recruit and train sworn officers in a manner that would prevent officers from targeting and profiling minority citizens.

48. DEFENDANTS CITY OF SPRINGFIELD, COMMISIONER JOHN BARBIERI, and SPRINGFIELD POLICE DEPARTMENT have failed to appropriately recruit and train sworn officers in a manner that would prevent officers from authoring false reports, omitting pertinent facts, and neglecting to write reports, in an effort to cover up other officers' wrongdoings.

49. DEFENDANTS CITY OF SPRINGFIELD, COMMISIONER JOHN BARBIERI, and SPRINGFIELD POLICE DEPARTMENT have failed to appropriately discipline any officers known to have been involved in the assault and cover up, pertaining to the aforementioned event.

    As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – MONELL CLAIM

50. PLAINTIFF repeats and re-alleges paragraphs 1-49

51. The DEFENDANTS CITY OF SPRINGFIELD, have implemented an unconstitutional policy by creating an atmosphere among ALL POLICE DEFENDANTS that allowed the aforementioned actions.

52. DEFENDANT CITY OF SPRINGFIELD is directly responsible for policies that do not discourage its employees from assaulting citizens, particularly minority citizens.

53. As a result of its status, DEFENDANT CITY OF SPRINGFIELD had supervisory responsibility over ALL POLICE DEFENDANTS.

54. Defendant CITY OF SPRINGFIELD ignored realistic opportunities they had to prevent these employees from assaulting and covering up the wrong doing of other employees.

6

55. As a direct and proximate cause of the aforesaid actions and conduct of DEFENDANT CITY OF SPRINGIELD, Plaintiff suffered great pain of mind and body and was otherwise damaged.

56. As a direct and proximate result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT XI – ASSAULT AND BATTERY (Common Law)

57. PLAINTIFF repeats and re-alleges paragraphs 1-56 of this complaint.

58. The aforesaid actions and conduct by the DEFENDANTS VICTOR ALLDER, DAVID ROBILLARD, and JOHN RUYFFELAERT did assault and batter the PLAINTIFF.

59. As a direct and proximate result of the above-described violation of rights, PLAINTIFF suffered great pain of mind and body and was otherwise damaged

### COUNT V– VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

60. PLAINTIFF repeats and re-alleges paragraphs 1-59 of this complaint.

61. The aforesaid actions and conduct by the DEFENDANTS VICTOR ALLDER, DAVID ROBILLARD, and JOHN RUYFFELAERT violated Plaintiff's right to be free from excessive force as set forth in the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

62. As a direct and proximate cause of the aforesaid actions and conduct by the INDIVIDUAL DEFENDANTS, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT XIV – VIOLATION OF 42 U.S.C. § 1983- FAILURE TO INTERVENE

63. PLAINTIFF repeats and re-alleges paragraphs 1-62 of this complaint.

64. The above-described actions of PATRICK DENAULT failed to intervene to protect the rights of the PLAINTIFF.

65. As a direct and proximate cause of the above-described behavior of the above mentioned DEFENDANT the PLAINTIFF suffered great pain of mind and body and was otherwise damaged.

### COUNT XV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. PLAINTIFF repeats and re-alleges paragraphs 1-65 of this complaint.

67. The above-described actions of all the DEFENDANTS constituted an intentional infliction of emotional distress as defined under the common law of the Commonwealth of Massachusetts.

68. As a direct and proximate cause of the above-described behavior of the DEFENDANTS, the PLAINTIFF TYRIQUE TYNDAL-DAVIS suffered great pain of mind and body and was otherwise damaged.

**COUNT VI – VIOLATION OF 42 U.S.C. § 1983 – CONSPIRACY**

69. PLAINTIFF repeats and re-allege paragraphs 1-68 of this complaint.

70. The aforesaid actions and conduct by DEFENDANTS VICTOR ALLDER, DAVID ROBILLARD, PATRICK DENAULT, and DANIEL BILLINGSLEY constituted a conspiracy to violate the PLAINTIFF'S right to due process by withholding, concealing, suppressing, and/or destroying material evidence in contravention of the protections set forth in the Fifth and Fourteenth Amendments to the United States Constitution.

71. As a direct and proximate cause of the aforesaid actions and conduct by the INDIVIDUAL DEFENDANTS, PLAINTIFF suffered great pain of mind and body and was otherwise damaged.

**COUNT XII – MASSACHUSETTS CIVIL RIGHTS ACT**

72. PLAINTIFF repeats and re-alleges paragraphs 1-71 of this complaint.

73. The aforesaid actions and conduct by the CITY OF SPRINGFIELD, DEFENDANTS JOHN BARBIERI, VICTOR ALLDER, DAVID ROBILLARD, JOHN RUYFFELEART, PATRICK DENAULT, and DANIEL BILLINGSLEY constituted threats, intimidation and/or coercion that interfered with Plaintiff's exercise and enjoyment of rights secured by the Constitutions and laws of the United States and the Commonwealth of Massachusetts.

74. As a direct and proximate result of the above-described violation of rights, PLAINTIFF suffered great pain of mind and body and was otherwise damaged.

75. Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to use excessive and unnecessary force during street encounters with civilians.

76. Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to withhold, conceal, suppress, and/or destroy material evidence.

77. Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to conceal and/or ignore the existence of material civilian witnesses.

78. Defendant CITY OF SPRINGFIELD did not require appropriate in-service training or re-training of officers who were known to violate the First Amendment right of persons to record police officers in the public performance of their duties.

79. As a direct and proximate result of the above-described policies and customs, police officers in the Defendant CITY OF SPRINGFIELD, including the INDIVIDUAL DEFENDANTS in this case, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

80. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant CITY OF SPRINGFIELD, and were the cause of a violation of PLAINTIFF'S rights alleged herein.

81. As a direct and proximate result of the above-described violation of rights, the PLAINTIFF suffered great pain of mind and body and was otherwise damaged.

### COUNT XIII – VIOLATION OF M.G.L. c. 12, § 11I

82. PLAINTIFF repeats and re-alleges paragraphs 1-81 of this complaint.

83. DEFENDANTS VICTOR ALLDER, DAVID ROBILLARD, JOHN RUYFFELEART, PATRICK DENAULT, and DANIEL BILLINGSLEY for violations pursuant to the Massachusetts Civil Rights Act, M.G. L. c. 12, §11I

84. As a direct and proximate cause of the above-described behavior of the DEFENDANTS, PLAINTIFF suffered great pain of mind and body and was otherwise damaged.

### COUNT XVI- NEGLIGENCE v. DEFENDANTS City of Springfield for General Negligence, in Violation of M.G.L. c. 258 § 4

85. PLAINTIFF repeats and re-alleges paragraphs 1-84 of this complaint.

86. PLAINTIFF incorporates the preceding paragraphs as if fully set forth herein.

87. The DEFENDANT CITY OF SPRINGFIELD owed PLAINTIFF a duty to exercise reasonable care, which it breached.

88 . As a direct and proximate result of the negligence of the Defendant City, the Plaintiff has and continues to suffer from physical injuries, severe emotional distress, and other injuries described herein as a result of the attack on him by the Defendant Officers, and the subsequent cover-up.

**COUNT IX v. DEFENDANTS CITY OF SPRINGFIELD, POLICE COMMISSIONER BARBIERI, and for Ratification, pursuant to 42 U.S.C. § 1983**

89. Each of the preceding paragraphs is incorporated as if fully set forth herein.

90. The City OF SPRINGFIELD , DEFENDANT JOHN Barbieri, and knew or should have known that there was widespread customs and practices of their police officers assaulting, and beating, and violating the civil rights of civilians.

WHEREFORE, PLAINTIFF requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

a) Award compensatory damages;

b) Award punitive damages;

c) Award interest and costs of this action to PLAINTIFF;

d) Award attorneys' fees to PLAINTIFF; and
e) Award such other relief which this Court deems just and proper.

* * * * * * *

PLAINTIFF DEMANDS A JURY TRIAL

Respectfully Submitted,

THE PLAINTIFF,

By /s/ JOE A. SMITH III ESQ.